1  ROB BONTA (SBN 202668)
   Attorney General of California
2  JOEL MARRERO (SBN 275601)
   Supervising Deputy Attorney General
3  JONATHAN BENNER (SBN 318956)
   ELIA HERRERA (SBN 293278)
4  EZRA KAUTZ (SBN 330352)
   Deputy Attorneys General
5    1300 I St.
     Sacramento, CA 95814
6    Telephone: (916) 210-6346
     E-mail: Ezra.Kautz@doj.ca.gov
7  *Attorneys for Plaintiff State of California*

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA,** | Case No. 3:25-cv-04863-CRB |
| Plaintiff, | **PLAINTIFF'S STATEMENT IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** |
| v. | |
| **UNITED STATES DEPARTMENT OF JUSTICE, et al.,** | Administrative Procedure Act Case |
| Defendants. | Date:<br>Time:<br>Dept:     Courtroom 6<br>Judge:    Hon. Charles R. Breyer<br>Trial Date:<br>Action Filed: June 9, 2025 |

i

## INTRODUCTION

In this bizarre motion, Defendants seek to postpone the deadline for early meeting of counsel under Rule 26(f)—a deadline that has already passed—even though the parties have already conferred by email and calls, including a specifically scheduled Rule 26(f) conference.

- That Defendants subjectively believe the conference was "premature" due to their pending motion to dismiss does not change the objective fact that the parties have conferred pursuant to Rule 26(f).
- Although Defendants included "and stay discovery" in the caption as an afterthought, such a request goes beyond "administrative relief." Defendants fail to cite the standard for a stay of discovery and fail to make any showing of good cause for such a stay. As this Court has recently recognized in a similar case, the mere filing of a dispositive motion does not automatically stay discovery, and conclusory assertions of prejudice are not sufficient to meet the movant's "heavy burden" under the rules.
- Plaintiff has not served any discovery. The parties can meet and confer if and when there is an actual dispute, prior to seeking a protective order, in accordance with Rule 26(c)(1).

As for the remaining deadlines that are the subject of Defendants' administrative motion, Plaintiff takes no position.

## COMPLAINT AND PROCEDURAL BACKGROUND

This action arises from a conflict between California's longstanding antidiscrimination law and the President's fixation on transgender girls. California law ensures all K-12 students may participate in athletic programs in accordance with their gender identity. Cal. Ed. Code § 221.5(f). This law is reflected in Bylaw 300.D of the California Interscholastic Federation ("CIF"), which regulates high school sports statewide. (Complaint (Corrected), Dkt. 4 ("Compl.") ¶¶ 2, 52.) On June 2, immediately after the President posted a series of missives on his social media site attacking a 16-year old student participating in a track meet in California and threatening that "large scale fines will be imposed!!!," Defendants issued a directive to all California school districts ("the Certification Demand Letter"). (*Id*. ¶¶ 74-75, 82.) The letter asserted that Bylaw 300.D (and thus, Ed. Code § 221.5(f)) is a facial violation of the Equal Protection Clause. (*Id*.)

The letter mandated that each LEA "certify in writing by 5:00 p.m. ET on June 9, 2025 that you will not implement CIF Bylaw 300.D"—i.e., that they would disobey state antidiscrimination law. (*Id*. 84.) The letter threatened that LEAs would face "legal liability" if they did not submit this certification. (*Id*.)

Plaintiff filed this action on June 9 (the deadline set by Defendants for LEAs to certify that they would disobey state law) to clarify that Defendants are wrong about Bylaw 300.D and that California LEAs cannot be punished for refusing Defendants' demand. Defendants moved to dismiss, arguing principally that Plaintiff lacks standing to enforce its own law or superintend public education, and that the Certification Demand Letter was merely "advisory." (Dkt. 16.)

On June 10, 2025, the Court issued its Order Setting Initial Case Management Conference and ADR Deadlines. (Dkt. 3 ("Initial Order").) The order set August 29 as the deadline for the parties to meet and confer pursuant to Rule 26(f). (*Id.*)

During a call on August 14 and several calls and emails thereafter, counsel for Defendants stated that he wanted to postpone the deadlines in the Initial Order, and counsel for Plaintiff stated that Plaintiff would be flexible but would not agree to an extended delay of discovery. (Kautz Decl. ¶¶ 3-15.) On August 25, Plaintiff's counsel wrote to remind Defendants' counsel of the impending deadline for the Rule 26(f) conference, and suggested times. (*Id.* ¶ 5, Exh. 1.) The parties scheduled the conference for August 27. (*Id.*) On August 26, Defendants' counsel proposed stipulating to move all deadlines, and in the alternative, to move the scheduled conference to a different date due to a conflicting meeting. (*Id.* ¶ 7.) Counsel spoke that day, reiterated their positions, and agreed to reschedule the Rule 26(f) conference for August 28 at 3:30 p.m. (*Id.* ¶ 8.) In subsequent emails, Defendants' counsel repeated that the conference "doesn't make sense right now," while Plaintiff's counsel observed that a non-emergency motion would not be timely on the eve of the deadline. (*Id.* ¶¶ 9-11, Exh. 2, at 3-6.) On August 28, Plaintiff stated that Defendants refusal to observe the deadline—a joint responsibility—would be a "unilateral decision. . . . However, since you have not stated that you will not meet today as scheduled, I will keep it on my calendar." (*Id.* ¶ 12, Exh. 2, at 2-3.) Defendants' counsel did not tell Plaintiff's counsel that he would not attend the conference scheduled for August 28. (*Id.* ¶13.)

At 3:30 pm on August 28, the date and time that counsel had mutually agreed to hold the Rule 26(f) conference, the parties conferred by telephone. (*Id.* ¶ 14.) Although Defendants' counsel repeatedly stated that the conference was a waste of time, counsel discussed the items required under Rule 26 and the District standing order. (*Id.* ¶¶ 14-16.) Following the conference, Defendants' counsel sent an email stating that Defendants could not "meaningfully address" discovery and disclosures, and "[s]o, I don't believe our teleconference constitutes a Rule 26(f) conference, within the meaning and intent of the rule." (*Id.* ¶ 18, Exh. 2, at 1.) Defendants filed this motion on August 29, the parties' deadline to confer under Rule 26(f). (Dkt. 22.)

## ARGUMENT

### A. There Is No Purpose in Postponing the Early Conference Deadline After the Conference Has Occurred

It is too late to postpone the Rule 26(f) conference, because the parties have already met and conferred. Although not strictly necessary,[1] counsel for the parties mutually agreed upon a date and time for the Rule 26(f) conference, and at that date and time, counsel met and discussed the Rule 26(f) topics. While Defendants complained that Plaintiff did not stipulate to change the deadline, Plaintiff's counsel reminded Defendants' counsel that it was a joint responsibility to confer before the deadline, and that if Defendants wanted to cancel, it would be a unilateral decision—otherwise, the conference would proceed. Despite ample notice, Defendants waited too long to file an administrative motion, and were unwilling to file an emergency motion. In the end, Defendants were also unwilling to accept the consequences for unilaterally refusing to attend the conference. Thus, the conference occurred.

Contrary to Defendants' creative argument, there is no basis in the rules for "undoing" a Rule 26(f) conference when one side believes its own participation was subpar. Indeed, it is not unusual for the parties to be unable to reach an agreement on major issues—particularly on issues around the timing of discovery. Such issues will be resolved in the ordinary course of litigation.

### B. Defendants' Defective Request for a Stay, Disguised as a Motion for Administrative Relief, Fails to Show Good Cause

---

[1] The "conference" may be by email, telephone, video, or in person. *See* Rutter Practice Guide, Fed. Civ. Proc. Before Trial, Calif. and 9th Cir. Ed. (2025) ¶ 15:8.5.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Instead, the conference of counsel "must" occur "as soon as practicable," discovery opens forthwith, and "good cause" is required to deviate. Fed. R. Civ. P. 26(f)(1), (d)(1), (c)(1)(A). As relevant here, good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

In this motion, Defendants make essentially no effort to establish good cause, arguing that the mere filing of the dispositive motion is sufficient to grant a stay. However, as this Court has recognized, the filing of a motion to dismiss "does not automatically stay discovery." *Hoopes Vineyard LLC v. County of Napa*, No. 24-cv-06256-CRB, 2025 WL 41929 at *1 (N.D. Cal. Jan. 6, 2025) (citing *Tradebay*, 278 F.R.D. at 600).

In *Hoopes Vineyard*, this Court considered, and rejected, a similar boilerplate request. There, the defendant sought (by properly noticed motion) a protective order staying discovery until its motion to dismiss was resolved. This Court stated that the parties' arguments on the motion to dismiss were "complex and not suited for abbreviated briefing in a motion to stay," and concluded that it could not "say that it is '*convinced* that the plaintiff will be unable to state a claim for relief.'" *Id.* (quoting *Wenger*, 282 F.3d at 1077) (emphasis in *Hoopes*). This Court held that Defendants' "blanket concerns" about efficiency, without "identify[ing] particular or specific need for a protective order," were insufficient to establish good cause. *Id.*

Here, Defendants make no effort to show that its motion to dismiss has any merit whatsoever—much less that the Court should be "*convinced* that the plaintiff will be unable to

4

state a claim for relief." *Id.* Indeed, while Defendants' motion to dismiss raises complex issues, Defendants may ultimately find it challenging to show as a matter of law that the Certification Demand Letter—which says California LEAs "must certify" to Defendants that they will disobey state law or else face "legal liability"—was merely advisory, or that Plaintiff has no sovereign interest in enforcing its own antidiscrimination laws against entities under its supervision.

More importantly, as in *Hoopes Vineyard*, Defendants submit only "blanket concerns" about unspecified prejudice that are no different than any defendant's complaint about being haled into court. Those conclusory assertions "do not establish good cause for a protective order." *Id.*

Although Defendants asserts that courts "routinely" stay discovery and/or "Continue Rule 26(f) Conferences" [sic] whenever a defendant files a motion to dismiss (contrary to the rules), none of the cases cited by Defendants actually support that proposition.[2]

Ultimately, it is more appropriate to contemplate a protective order in the context of a dispute about an actual discovery request, with actual prejudice being shown. Plaintiff has not propounded any discovery yet, and Defendants have failed to raise any concrete concerns about hypothetical discovery. Nevertheless, Plaintiff is equally cognizant of the desire to avoid unnecessary expense, and has offered to address such concerns through accommodations such as delaying depositions or otherwise phasing discovery. If the parties are unable to reach resolution of an actual discovery dispute, each remains free to seek relief in the ordinary course.

II. **CONCLUSION**

The Court should deny Defendants request to stay discovery, and deny the request to modify the deadline to confer under Rule 26(f) as moot. Otherwise, Plaintiff takes no position on the motion.

Dated: September 2, 2025                                         Respectfully submitted,

---

[2] *See Zavala v. Kruse-Western, Inc.*, Case No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254, *3 (E.D. Cal. July 17, 2019) (motion to *compel* Rule 26 conference); *Jones v. Micron Tech. Inc.,* Case No. 18-cv-3805-JSW (KAW), 2019 WL 5406824, *2 (N.D. Cal. Oct. 23, 2019) (same); *Hall v. Apollo Grp., Inc.,* No. 14-CV-01404-LHK, 2014 WL 4354420, at *7 (N.D. Cal. Sept. 2, 2014) (allowed pro se plaintiff with apparently meritless claim leave to amend, but conditioned on staying discovery until after he withstands a motion to dismiss); *see also Najafi v. Pompeo*, Case No. 4:19-cv-05782-KAW, 2019 WL 5423467 (N.D.Cal. Oct. 23, 2019) (in case cited by Defendants, court had already granted expedited discovery).

1  Rob Bonta
   Attorney General of California
2  Joel Marrero
   Supervising Deputy Attorney General
3
   /s/ Ezra Kautz
4  Ezra Kautz
   Deputy Attorney General
5  *Attorneys for Plaintiff State of California*