ROB BONTA (SBN 202668)
Attorney General of California
JOEL MARRERO (SBN 275601)
Supervising Deputy Attorney General
JONATHAN BENNER (SBN 318956)
ELIA HERRERA (SBN 293278)
EZRA KAUTZ (SBN 330352)
Deputy Attorneys General
 1300 I St.
 Sacramento, CA 95814
 Telephone: (916) 210-6346
 E-mail: Ezra.Kautz@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br><br>  Plaintiff,<br><br>  v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, et al.,**<br><br>  Defendants. | Case No. 3:25-cv-04863-CRB<br><br>**DECLARATION OF EZRA KAUTZ IN PARTIAL OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION**<br><br>Date:<br>Time:<br>Dept:    Courtroom 6<br>Judge:   Hon. Charles R. Breyer<br>Trial Date:<br>Action Filed: 6/09/2025 |

I, Ezra Kautz, declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of California, admitted to the bar of this Court, and a Deputy Attorney General in the Office of the Attorney General, California Department of Justice. Our office represents Plaintiff, the State of California, in this action. I make this declaration in partial opposition to Defendants' Administrative Motion for Continuance of Case Management Dates and Stay Discovery (sic). (Dkt. 22.)

2. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

3. On August 14, 2025, Defendants' attorney, Robert Keenan, reached out to our office to request an extension of Defendants' time to respond to the complaint. I spoke to Mr. Keenan by telephone and agreed to the extension and proposed briefing schedule, as subsequently reflected in a stipulation so-ordered by the Court. (Dkt. 12, 14.)

4. During this initial call, we also discussed (1) in broad terms, the scope of Defendants' planned motion to dismiss; (2) Mr. Keenan's proposition to delay the "ADR deadlines," which he clarified to mean all deadlines in the Court's Order Setting Initial Case Management Conference and ADR Deadlines ("the Initial Order"); and (3) Plaintiff's position that it is amenable to stipulating to modify deadlines but does not agree to an extended delay of discovery.

5. On August 25, 2025, I emailed Mr. Keenan to remind him of our deadline to confer under Rule 26(f), and suggested some times. In subsequent emails, we agreed to schedule the Rule 26(f) conference for Wednesday, August 26 at 3:00 pm PST. We also agreed to discuss other case deadlines during the teleconference. A true copy of e-mails between counsel on August 25 and 26 is attached as "**Exhibit 1**."

6. Subsequently, counsel exchanged a series of e-mails regarding settlement, ADR, case deadlines, and Defendants' desire to delay discovery until after the motion to dismiss is

1     heard or decided. A true copy of further e-mails between counsel on August 26-28 is

2     attached as "**Exhibit 2**."

3     7. On August 26, 2025, Mr. Keenan e-mailed to ask whether Plaintiff would stipulate to

4     moving deadlines, and stated that "In light of the pending motion to dismiss, the matters

5     referenced in Rule 26 seem premature." Of the scheduled Rule 26 conference, "assuming

6     it's needed," Mr. Keenan asked to reschedule due to a conflict with another meeting. See

7     Exhibit 2, at 7-8.

8     8. Following this e-mail, I spoke to Mr. Keenan by telephone. I explained to Mr. Keenan that

9     discovery opens in a civil case after the parties confer under Rule 26(f). I reiterated that

10     Plaintiff would not agree to delay discovery entirely, but stated that I was open to

11     discussing limitations, such as delaying depositions. We also discussed in some detail the

12     possibility of settling the case. Mr. Keenan stated that he needed to talk to his supervisor.

13     Finally, we agreed to move the Rule 26 conference that was scheduled for that day to the

14     following day, August 27, at 3:30 pm PST.

15     9. On August 27, Mr. Keenan again e-mailed regarding settlement and case management

16     dates, and proposed staying discovery until the date of the hearing on the motion to

17     dismiss. See Exhibit 2, at 6-7. In reply, I reiterated by e-mail that Plaintiff did not agree

18     that discovery or the conference would be a waste of time, and added: "Since it appears

19     we are not in agreement, we can proceed with our Rule 26(f) conference tomorrow." See

20     Exhibit 2, at 5-6.

21     10. The same day, Mr. Keenan wrote again to say that he intended to file an administrative

22     motion, stating that "we don't think it's advisable to proceed" with the Rule 26

23     conference. Exhibit 2, at 4-5.

24     11. On August 28, I wrote Mr. Keenan to reiterate Plaintiff's position, and to remind him that

25     an administrative motion would not be timely. See Exhibit 2, at 4. Subsequently, Mr.

26     Keenan stated that, after conferring with others, he would file an administrative motion.

27     Exhibit 2, at 3.

28

12. On August 28 at 2 pm, I replied: "While you are free to file a motion, that will not change our obligation under the initial scheduling order, which is a joint responsibility. If you refuse to abide by that order, then then that would be a unilateral decision on your part. However, since you have not stated that you will not meet today as scheduled, I will keep it on my calendar." Exhibit 2, at 2-3.

13. Mr. Keenan shortly responded by e-mail to say he was "working on the motion" and also to discuss ADR options and settlement. Notably, he did not state that the Rule 26 conference would not take place as scheduled or otherwise respond to my message. See Exhibit 2, at 2. Subsequently, I learned that Mr. Keenan declined the Microsoft Teams videoconference link a few minutes before 3:30.

14. On August 28 at 3:30 pm, the time we had scheduled for the Rule 26 conference, I spoke with Mr. Keenan by telephone. During this half-hour call, we addressed the following topics in varying degrees of detail:

   a. the prospects for settlement;
   b. ADR options;
   c. potential ways to narrow the issues in the case, including in two specific manners relating to Defendants' motion to dismiss;
   d. the timing of discovery, including the option to delay depositions or otherwise phase discovery around Defendants' motion to dismiss;
   e. the setting of dates for trial and discovery cut-off; and
   f. other case deadlines in the Initial Order (which include the deadline for the parties' joint statement and for serving initial disclosures).

15. During our discussion of discovery, Mr. Keenan reiterated that he believed it was premature to confer under Rule 26(f) or craft a discovery plan. Mr. Keenan acknowledged that "maybe you think we are having the conference," to which I concurred.

16. Apart from the discovery plan, Mr. Keenan expressed no hesitation about discussing the remaining early conference topics under Rule 26(f) and the Northern District standing order.

17. After half an hour, I stated that I believed our conference was complete. Before we ended our discussion, Mr. Keenan asked about the ADR certification forms that we needed to prepare. During this additional discussion, Mr. Keenan's phone battery died. See Exhibit 2, at 1.

18. Following the Rule 26 conference, Mr. Keenan sent another e-mail reiterating Defendants' position that their "defendants' motion to dismiss raises jurisdictional bars that render a Rule 26(f) conference and related litigation procedures premature and improper at this time. So, I don't believe our teleconference constitutes a Rule 26(f) conference, within the meaning and intent of the rule, and the motion I'm drafting seeks to move the deadline for that conference accordingly." Exhibit 2, at 1.

19. During our extensive meeting and conferring regarding our obligations under Rule 26(f), covering approximately 15 e-mails and over one hour of telephone conferences during the week of August 25, Mr. Keenan and I covered all of the topics of early discussion that we were required to under Rule 26, as relevant to this case.

20. Although Defendants were perhaps a bit single-minded in terms of their plan for discovery (not unusual, in my experience), Defendants' counsel never closed the door on discussions and never declined to meet. I always appreciate when opposing counsel can maintain courtesy and professionalism while zealously advocating their client's position.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 2, 2025 at Sacramento, California.

/s/ Ezra Kautz

Ezra Kautz