# Exhibit "2"

**Ezra Kautz**

| | |
|---|---|
| **From:** | Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov> |
| **Sent:** | Thursday, August 28, 2025 4:08 PM |
| **To:** | Ezra Kautz |
| **Cc:** | Joel Marrero |
| **Subject:** | RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ezra:

Sorry, my cell battery died, and I've been talking to myself about the ADR form.

As I noted in our call, I don't think we are in a position to meaningfully address the core subjects of a Rule 26(f) conference, namely, discovery, initial disclosures, and a discovery plan, and defendants' motion to dismiss raises jurisdictional bars that render a Rule 26(f) conference and related litigation procedures premature and improper at this time.

So, I don't believe our teleconference constitutes a Rule 26(f) conference, within the meaning and intent of the rule, and the motion I'm drafting seeks to move the deadline for that conference accordingly.

**Robert J. Keenan**
Senior Counsel
Office of Assistant Attorney General
U.S. DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Desk:   (202) 305-2566
Cell:    (202) 230-2216

---

**From:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Sent:** Thursday, August 28, 2025 7:02 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Hi Rob,

Thanks for talking. Sorry we got cut off – I tried calling back, but it went to voicemail.

In any event, I believe we covered all the Rule 26(f) conference topics, even if we were not able to come to agreement or discuss certain matters in depth.

Best,
Ezra

---

**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Thursday, August 28, 2025 2:31 PM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ezra:

I'm working on the motion. As an aside, I note that we could perhaps get the ADR Certification filed tomorrow.

I have reviewed the ADR handbook. We certainly have discussed early settlement options, as required by Rule 26(f). As I recall, we did not specifically address particular ADR options in our call. In summary, though, I can say the three primary court-provided ADR options (ENE, mediation, settlement conference with a magistrate judge) all seem inapt while the motion to dismiss is pending. I'm happy to discuss that issue further if you wish. On the certification form, I would check the box that says the parties prefer to discuss ADR selection with the Judge at the ICM Conference.

I still think a dismissal with*out* prejudice is worth considering, leaving both sides in the status quo ante and not prematurely forcing litigation about DOJ's advisory letter.

On that score, if you have any proposal involving a dismiss without prejudice, please submit it so I can forward it along to supervisors here. Frankly, that could probably be done without any formal settlement agreement.

Rob

**Robert J. Keenan**
Senior Counsel
Office of Assistant Attorney General
U.S. DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Desk: (202) 305-2566
Cell: (202) 230-2216

---

**From:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Sent:** Thursday, August 28, 2025 2:02 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>

**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Rob:

The deadline for us to confer is tomorrow. While you are free to file a motion, that will not change our obligation under the initial scheduling order, which is a joint responsibility. If you refuse to abide by that order, then then that would be a unilateral decision on your part. However, since you have not stated that you will not meet today as scheduled, I will keep it on my calendar.

My suggestion to you is that, because you waited too long to file your administrative motion and you are unwilling to seek emergency relief, you instead file a motion to stay discovery. We can meet as planned today and discuss to what extent we can stipulate to other administrative matters.

Ezra

---

**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Thursday, August 28, 2025 10:48 AM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ezra:

Thanks again for your e-mail.

I do prefer to do things by stipulation, but I think we've both reached the point where we've made good faith efforts but are unable to reach an agreement.

In light of the apparent impasse, I'm going to file a motion to continue the deadlines in accordance with the schedule I suggested in a prior e-mail below. I will note apparent areas of agreement and the one disagreement. I will rely on the basic case law cited in my prior e-mails and, consistent with my prior e-mails, recite the reasons why we think a Rule 26(f) conference is premature and wasteful of time due to the pendency of the MTD.

I will get it on file today. As to the 4-day response time, I want to make sure that does not jam you up over the weekend. That is not ever my intent in any case, and it's not my intent here. I was simply hoping we could reach a stipulation. So, if you want an extended response date stipulated to in the notice (or something like that), and I'll be happy to note that in the notice of motion. Under the normal counting rule, I think that the four-days would not include the weekend or holiday.

**Robert J. Keenan**
Senior Counsel
Office of Assistant Attorney General
U.S. DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Desk:  (202) 305-2566
Cell:   (202) 230-2216

**From:** Keenan, Robert (CRT)
**Sent:** Thursday, August 28, 2025 12:57 PM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

I'm conferring with others.  I'll be in touch.


**From:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Sent:** Thursday, August 28, 2025 12:37 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Rob,

I do not agree with your summary. Our position is as follows: We are willing to accommodate your request to postpone the Rule 26(f) conference only to the extent that we can proceed with discovery as if the conference took place when we scheduled it (today). I do not believe that the conference would be a waste of time, and I do not believe it is burdensome. In fact, at this point I believe we can finish in half an hour. That said, we do not see urgency in setting case deadlines. We have already opened a dialogue touching on many of the topics, so I am confident we can continue to discuss matters as they arise whether or not we have the conference now.

Hence, if you truly are not trying to delay discovery, we can likely stipulate to postponing other items. But that would have to be part of the same agreement. We are not requesting a postponement, and we would not agree to stipulate to what you want and sever the condition we would place on your request. That is unreasonable.

An administrative motion now would not be timely, as we would not receive a decision before tomorrow. In fact, we would have four days to oppose the motion. It is my duty to point out that we articulated these respective positions in our initial call two weeks ago, and we reiterated them on Monday. It does seem wasteful to request emergency relief to avert a half hour conversation with opposing counsel.

Happy to discuss further.

Best,
Ezra


**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Wednesday, August 27, 2025 5:57 PM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

4

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thanks for your e-mail.

In light of my discussions with my supervisors earlier today, I think I need to file an administrative motion. We don't think a Rule 26(f) conference at this stage will be meaningful and useful, and we'd have to revisit a lot of the issues on a later date (if the case is not dismissed). That's why we don't think it's advisable to proceed tomorrow.

In other words, we're not trying to delay the conference in order to delay discovery. For the reasons already mentioned, we think the conference should be delayed to a date closer to the ICM Conference (whenever that is rescheduled) and after the Court rules on the MTD. We also think the issue of when discovery may commence is entirely <u>separable</u> from the date of the Rule 26(f) conference. Rule 26(d)(1) makes that clear – noting that pre-conference discovery can commence if allowed "by court order."

So, let me ask this: Would it be a fair summary of your position that the State doesn't object to moving the previously-scheduled dates in accordance with the schedule I sketched out yesterday, <u>but</u> the State does want to preserve the right to commence issuing discovery in accordance with the previously-set schedule – i.e., on any day at its convenience after this Friday, August 29, the date previously set for doing the Rule 26(f) conference?

My sense is that the date of the Rule 26(f) conference is not critical to the State <u>except insofar</u> as having the conference would then allow (under Rule 26(d)(1)) the State to commence issuing discovery. If my understanding is correct, then the issue is simply whether the Court should allow discovery to commence before the Rule 26(f) conference if the conference is moved to a later date.

I'm asking just to see if I can simplify the issue for the Court and also to make sure I summarize the issue accurately.

Please advise.

Rob

---

**From:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Sent:** Wednesday, August 27, 2025 8:16 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Thank you for getting back to me.

I believe we addressed this in our call yesterday. At this time, we do not agree to stay all discovery. I would need to check with my supervisor, but we may agree to limit to written discovery in the interim.

5

I certainly understand that a defendant seeking to dismiss an action will consider discovery to be a waste of time. As I stated, that is (unsurprisingly) not our view as plaintiff, nor is it reflected in the rules ("as soon as practicable") or practice. A stay of discovery is the rare exception.

Similarly, I do not believe that a Rule 26(f) conference is a waste of time. While we are amenable to postponing it, it should not be at the expense of our right to continue developing the case.

Since it appears we are not in agreement, we can proceed with our Rule 26(f) conference tomorrow.

Ezra

---

**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Wednesday, August 27, 2025 5:01 PM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ezra:

Sorry about this delayed reply. I wanted to follow-up on two things from our call of yesterday.

First, I was intrigued by the question of whether might be able to settle this case. (For the record, we both made clear that we don't have authority, etc., but I think it's worth discussing.) So, if your client thinks that would be worth discussing, please send a written proposal that I can take to my supervisors for discussion. I think a dismissal with_out_ prejudice would basically leave both sides (the State and Defendants) in the status quo ante, and the Title IX case can proceed however it might go.

Second, I talked with supervisors about the case management dates I discuss in my e-mail below and that we also talked about. My supervisors are of the view that opening discovery before the MTD is resolved will lead to wasted time and effort. Even if it's denied in part, the scope of discovery could be affected substantially. As I mentioned below, we also think a Rule 26(f) conference doesn't make sense right now for the same reasons.

Based on our helpful teleconference yesterday, I understand how the Rule 26(f) meet-and-confer conference affects the commencement of discovery. As I understand the Rule, the Court appears able to authorize discovery to commence before the Rule 26(f) conference. So, I don't think we have to waste time on a premature Rule 26(f) conference just to check that box and allow discovery to commence.

So, for example, as to the stipulation that I proposed below, I'm wondering if we can set the Rule 26(f) conference 14 days after the Court rules on the MTD, but allow discovery to commence on an _earlier_, fixed date, like October 10 -- the date for the hearing on the MTD.

Failing that, I'm wondering if we can do a stipulation on moving the various dates and, then as to the date for commencement of discovery, address that in an administrative motion asking the court to resolve the issue.

6

Please let me know.  I'd like to stipulate to what we can agree upon and narrow the issues for any motion.

Rob
Cell:  (202) 230-2216

---

**From:** Keenan, Robert (CRT)
**Sent:** Tuesday, August 26, 2025 6:27 PM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Ezra:

As noted in my prior e-mail below, I do think we should file a stipulation and proposed order moving the current case-management status dates.  In light of the pending motion to dismiss, the matters referenced in Rule 26 seem premature.  The Court already vacated the ICM Conference date, and the other dates relate to preparation for that conference.  Figuring out the proper scope of discovery also seems especially problematic at this stage.

A stipulation of this type appears quite common and would likely be approved.  Courts in the NDCA and elsewhere in the Ninth Circuit typically approve deferring the Rule 26 conference and related dates when a motion to dismiss is pending.  See Zavala v. Kruse-Western, Inc., Case No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254, *3 (E.D. Cal. July 17, 2019) (agreeing to postpone Rule 26(f) conference until court ruled on motion to dismiss, explaining: "Until the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear.  Where, as here, the operative complaint is challenged by motion practice, 'delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources."); see also Jones v. Micron Tech. Inc., Case No. 18-cv-3805-JSW (KAW), 2019 WL 5406842, *2 (N.D. Cal. Oct. 23, 2019) (citing Zavala and agreeing to delayed Rule 26(f) conference, explaining: "[E]ven if the general subject matter of the cases is known, the pleadings and scope of the specific claims are not settled, making it premature to make disclosures and discuss a discovery plan."); Hall v. Apollo Grp., Inc., No. 14-CV-01404-LHK, 2014 WL 4354420, at *7 (N.D. Cal. Sept. 2, 2014) ("The Court further orders that the parties need not engage in a Rule 26(f) conference until after a complaint in this case survives a motion to dismiss"); Najafi v. Pompeo, Case No. 4:19-cv-05782-KAW - ECF No. 50 at 3 (N.D. Cal. 202) (holding that Rule 26(f) conference was "premature" because "the pleadings and scope of the specific claims are not settled, as Defendants have filed their motion to dismiss").

==If acceptable to you, I would be happy to prepare a stipulation tonight moving the August 29 dates and the September 12 dates.  I propose setting the August 29 dates two weeks after the defendants file an answer (if we are required to so); the September 12 dates 14 days after that; and the ICM Conference would be 7 days after that.  Those time frames are consistent with the way the Court schedules those dates==.

==Please let me know your thoughts on this.  If you would like to discuss this, I'm available by cell for the next 2-3 hours.  I'm also available at times tomorrow morning (your time)==.

As for tomorrow's scheduled call, assuming it's needed, I will need to reschedule that for Thursday or Friday on the other times you offered. I have a meeting at 5:00 p.m. tomorrow, and it will likely go long.

Rob
Cell: (202) 230-2216

---

**From:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Sent:** Monday, August 25, 2025 4:01 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Yes, that makes sense to discuss. We would not agree to an open-ended stay of discovery, but I do not see an urgent need to set case deadlines at this time.

---

**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Monday, August 25, 2025 12:07 PM
**To:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

I'm available on Wednesday and Thursday. Let me check with co-counsel to see when he's available.

Also, in light of the Court's sua sponte decision to vacate the ICM conference, I do think we have grounds to move these Rule 26 dates. It's an assumption on my part (since the Court did not say why it was vacating the ICM conference), but the Court presumably did not think it was worth having the ICM conference on calendar while a motion to dismiss is pending.

So, something to think about. Perhaps we can discuss this during our teleconference.

---

**From:** Ezra Kautz <Ezra.Kautz@doj.ca.gov>
**Sent:** Monday, August 25, 2025 2:50 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Robert,

Although the court vacated the case management conference, our deadline to confer under Rule 26(f) remains this Friday. Please let me know when you are available for a phone or video call. I am available Wednesday any time, Thursday 11-3, or Friday 9:30-3 (all times Pacific). This list of topics is long, so I suggest scheduling one hour.

Thank you,

Ezra Kautz
Deputy Attorney General
Civil Rights Enforcement Section
California Department of Justice
1300 I Street
Sacramento, CA 95814
Office: (916) 210-6346
ezra.kautz@doj.ca.gov

---

**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Thursday, August 14, 2025 3:45 PM
**To:** Edward Nugent <Edward.Nugent@doj.ca.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>; Ezra Kautz <Ezra.Kautz@doj.ca.gov>; Jonathan Benner <Jonathan.Benner@doj.ca.gov>; Elia Herrera <Elia.Herrera@doj.ca.gov>; Keenan, Rob (USACAC) <Rob.Keenan@usdoj.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Just to let you know, I am now receiving your e-mails.

Thanks.

---

**From:** Edward Nugent <Edward.Nugent@doj.ca.gov>
**Sent:** Thursday, August 14, 2025 3:53 PM
**To:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Cc:** Joel Marrero <Joel.Marrero@doj.ca.gov>; Ezra Kautz <Ezra.Kautz@doj.ca.gov>; Jonathan Benner <Jonathan.Benner@doj.ca.gov>; Elia Herrera <Elia.Herrera@doj.ca.gov>
**Subject:** [EXTERNAL] RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Hi Robert,

Thank you for reaching out. In light of *USA v. CIF*, I'm no longer leading in *California v. U.S. DOJ*, but I've added my colleagues to this thread—Ezra Kautz is our new lead on the matter. We have a team meeting scheduled for this afternoon, so we should be able to discuss the proposals on page limits, the extension of time, and the ADR deadlines and get back to you shortly.

Best,

---

**From:** Keenan, Robert (CRT) <Robert.Keenan@usdoj.gov>
**Sent:** Thursday, August 14, 2025 12:45 PM

**To:** Edward Nugent <Edward.Nugent@doj.ca.gov>
**Cc:** Anthony Pinggera <Anthony.Pinggera@doj.ca.gov>; Jonathan Benner <Jonathan.Benner@doj.ca.gov>
**Subject:** RE: California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Also, in light of the contemplated motion to dismiss, it's probably a good idea to continue the ADR deadlines that were set in the Court's initial scheduling order. Perhaps 60 days after the Court rules on the motion or the filing of any answer, if required?

---

**From:** Keenan, Robert (CRT)
**Sent:** Thursday, August 14, 2025 3:39 PM
**To:** Edward Nugent <edward.nugent@doj.ca.gov>
**Cc:** anthony.pinggera@doj.ca.gov; jonathan.benner@doj.ca.gov
**Subject:** California v. U.S. Department of Justice, et al., Case No. 3:25-CV-04863-CRB

Ed:

I have prepared a motion to dismiss for purposes of the above-referenced case. It raises standing, ripeness, and other arguments (e.g., no final agency action as to the APA claim, and no clear statutory prohibition as to Counts 2 and 3). However, it is 23.5 pages, which is over the 15-page limit set in Judge Breyer's standing order for motions, except SJMs.

I propose a stipulation that grants both parties leave to file primary briefs up to 25 pages regarding the motion. So, our motion and your opposition could both be up to 25 pages.

So that we can know whether the Court will approve the stipulation before we file our motion, I also propose a stipulation extending the defendants' response date 7 days, from tomorrow to Friday of next week.

Please advise as your position on these proposed stipulations. I'm also available by cell or my desk phone if you'd like to discuss.

**Robert J. Keenan**
**Senior Counsel**
**Office of Assistant Attorney General**
**U.S. Department of Justice, Civil Rights Division**
**950 Pennsylvania Avenue, N.W.**
**Washington, D.C.   20530**
**Desk:   (202) 305-2566**
**Cell:    (202) 230-2216**

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the

Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.