IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>  Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>  Defendants. | Case No. 25-cv-04863-CRB<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR CONTINUANCE OF CASE MANAGEMENT DATES AND STAY [OF] DISCOVERY** |

  Defendants have filed an administrative motion to continue the case management deadlines in this case and to stay discovery until after the Court has ruled on their motion to dismiss. See Mot. (dkt. 22). Plaintiff opposes the motion. See Opp'n (dkt. 24).

  As to the case management deadlines stemming from Rule 26 of the Federal Rules of Civil Procedure, the parties have already engaged in a Rule 26(f) conference. See id. at 3; Kautz Decl. (dkt. 24-1) ¶ 14. That deadline therefore cannot be continued. However, Plaintiff does not oppose Defendants' request to continue other Rule 26 deadlines, see Opp'n at 5 (aside from the Rule 26(f) deadline and request to stay discovery, "Plaintiff takes no position on the motion"); Mot. at 2 ("Plaintiff's counsel has expressed an openness to moving most of the case management dates pending a ruling on the motion to dismiss (except for the Rule 26(f) meet-and-confer conference)"). Accordingly, the Court DIRECTS the parties to meet and confer in order to agree upon new Rule 26 deadlines to follow the Court's ruling on the motion to dismiss.

  As to discovery, there are at least three problems with Defendants' motion.

  First, an administrative motion is not the proper way to seek a discovery stay.

Administrative motions are limited "to administrative matters[] not otherwise governed by a federal statute, Federal Rule, local rule, or standing order." Local Civil Rule 7-11. Parties generally request a stay of discovery pending the resolution of a motion to dismiss as a motion for a protective order pursuant to Rule 26(c). See Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . ."). Such motions require the moving party to certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Id.

Second, Plaintiff has not yet propounded any discovery. See Opp'n at 1. True, there is no hard-and-fast rule that discovery requests be served before a party may move for a stay of discovery. See Jacksonville Police Officers & Fire Fighters Health Ins. Trust v. Gilead Sciences, Inc., No. 20-cv-6522-JSW, 2022 WL 17418970, at *2 (N.D. Cal. Dec. 5, 2022). But it would certainly clarify matters if the parties could wait for discovery to open, see whether there are any actual discovery disputes, and then follow the Court's procedure for resolving such disputes. See General Standing Order for Civil and Criminal Cases Before Judge Charles R. Breyer (rev. July 17, 2025) at II(A) ("counsel are required to file a notice of discovery disputes to initiate a referral in lieu of filing discovery motions before this Court.").[1]

Third, Defendants have not satisfied the applicable standard for a discovery stay. Rule 26(c)(1) provides that a court "may" issue a protective order limiting discovery "for good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The "party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). This requires that party to "show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory

---

[1] In addition, Plaintiff asserts that it is "open to discussing limitations [on discovery], such as delaying depositions" or phasing discovery. Kautz Decl. ¶¶ 8, 14(d).

statements." Id.

Where a party seeks a stay pending the resolution of a motion, two factors must be present. First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Smith v. Levine Leichtman Cap. Partners, Inc., No. C 10-00010 JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011). Second, the court must be able to decide the pending motion without additional discovery. Id. The presence of these two factors permits, but does not require, the court to stay discovery until the pending motion is resolved. See id. ("If the two above questions are answered affirmatively, the court may issue a protective order." (emphasis in original)).

Defendants assert that their motion to dismiss is premised on standing, ripeness, and other defects with Plaintiff's claims, and so resolution of the motion "may … lead to a complete dismissal of the case." Mot. at 4. But many motions to dismiss may lead to the complete dismissal of a case, and the standard practice is to permit discovery. Gray, 133 F.R.D. at 40 ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). Moreover, the Court is ill-equipped here to take a "preliminary peek" at the merits of Defendants' motion to dismiss because that motion is not fully briefed. See Singh v. Google. Inc., No. 16-cv-3734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016). Nor does the Court wish to prejudge the parties' arguments. See, e.g., Opp'n at 5 ("Defendants may ultimately find it challenging to show as a matter of law that the Certification Demand Letter—which says California LEAs 'must certify' to Defendants that they will disobey state law or else face 'legal liability'—was merely advisory, or that Plaintiff has no sovereign interest in enforcing its own antidiscrimination laws against entities under its supervision."). Where the issues posed in a motion to dismiss are complex, they tend not to be "suited for abbreviated briefing in a motion to stay." See Hoopes Vineyard LLC v. County of Napa, No. 24-cv-06256-CRB, 2025 WL 41929, at *1

(N.D. Cal. Jan. 6, 2025).[2] Certainly, the Court is unable to say that it is "convinced that [P]laintiff will be unable to state a claim for relief." See Werger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (emphasis added) (citation omitted).[3]

Moreover, Defendants fail to identify a particular or specific justification for a stay, instead stating that commencing with discovery now "would prejudice Defendants' rights and interests, as Defendants contend that this case should not have been filed and that they should not be required to litigate claims as to which the Court lacks jurisdiction." Mot. at 5 (citing Keenan Decl. (dkt. 22 at 6–9) ¶ 5) ("Thus, until the Court rules on the motion to dismiss, Defendants should not have to incur the costs and exhaust resources to respond to this case and prepare initial disclosures and do the other work necessary to comply with discovery rules and case-management deadlines.")). Those are the kind of "blanket concerns, which are true in the mine run of litigation," and which therefore "do not establish good cause for a protective order." See Hoopes Vineyards, 2025 WL 41929, at *1; see also Smith, 2011 WL 13153189, at *2 ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendants' argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses.").

A stay of discovery is therefore improper at this juncture. Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 5, 2025

CHARLES R. BREYER
United States District Judge

---

[2] This raises an additional problem with Defendants' motion: Defendants twice assert that "This Court" has done something, and then cite to another court within this district. See Mot. at 3–4 (citing Jones v. Micron Tech. Inc., Case No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. 2019)); id. at 4 (citing Najafi et al. v. Pompeo et al., N.D. Cal. Case No. 19-cv-05782-KAW). Although this Court holds its colleagues in high regard, they are not this Court.

[3] But see Wenger, 282 F.3d at 1077 (holding that a district court may stay discovery when it is convinced that a plaintiff will be unable to state a claim, not that it may only stay discovery then).