1  ROB BONTA (SBN 202668)
   Attorney General of California
2  JOEL MARRERO (SBN 275601)
   Supervising Deputy Attorney General
3  JONATHAN BENNER (SBN 318956)
   ELIA HERRERA (SBN 293278)
4  EZRA KAUTZ (SBN 330352)
   Deputy Attorneys General
5    1300 I St.
     Sacramento, CA 95814
6    Telephone: (916) 210-6346
     E-mail:  Ezra.Kautz@doj.ca.gov
7  *Attorneys for Plaintiff State of California*

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 | **STATE OF CALIFORNIA,** | Case No. 3:25-cv-04863-CRB |

13                   Plaintiff,

14          v.                    **DECLARATION OF EZRA KAUTZ IN**
                                  **SUPPORT OF STIPULATION AND**
15                                **PROPOSED ORDER EXTENDING TIME**

16 **UNITED STATES DEPARTMENT OF**
   **JUSTICE, et al.,**          Date:
17                                Time:
                   Defendants.    Dept:        Courtroom 6
18                                Judge:       Hon. Charles R. Breyer
                                  Trial Date:
19                                Action Filed: 6/09/2025

20

21 I, Ezra Kautz, declare under penalty of perjury that the following is true and correct:

22      1.  I am an attorney licensed to practice law in the State of California, admitted to the bar of

23          this Court, and a Deputy Attorney General in the Office of the Attorney General,

24          California Department of Justice. Our office represents Plaintiff, the State of California, in

25          this action. I make this declaration pursuant to Civil Local Rule 6-2(a) in support of the

26          parties' Stipulation and Proposed Order Extending Time.

27

28

                                  1

2. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

**Previous Time Modifications,**

3. On June 10, 2025, the Court issued its Order Setting Initial Case Management Conference and ADR Deadlines. ("The Initial Order," Dkt. 3.) In that order, the Court set August 29, 2025, as the deadline to file the ADR certification; August 29, 2025 as the deadline for the early conference of counsel under Rule 26(f); September 12, 2025, as the deadline for initial disclosures; September 12, 2025, as the deadline for filing the joint case management statement; and September 19, 2025, as the initial case management conference.

4. On August 19, 2025, the Court entered a stipulated order extending Defendants' time to respond to the complaint and setting the hearing for Defendants' motion to dismiss as October 10, 2025. (Dkt. 14.) Defendants filed their motion to dismiss on September 22, 2025. (Dkt. 16.)

5. On August 19, 2025, the Court sua sponte vacated the initial case management conference date. (Dkt. 15.)

6. On August 28, 2025, the Court sua sponte reset the hearing for Defendants' motion to dismiss to December 5, 2025, and modified the briefing schedule accordingly. (Dkt. 21.)

7. Counsel for the parties met and conferred extensively on whether and how to modify the remaining deadlines in the Initial Order.

8. Counsel held their Rule 26(f) conference on August 28, 2025.

9. On August 29, 2025, Defendants filed an administrative motion seeking to delay all remaining case management deadlines and stay discovery. (Dkt. 22.) Plaintiff opposed the request to stay discovery but took no position on the other deadlines. (Dkt. 24.)

10. On September 5, 2025, the Court entered an order denying Defendants administrative motion. (Dkt. 25.) In the order, the Court directed the parties "to meet and confer in order

2

1    to agree upon new Rule 26 deadlines to follow the Court's ruling on the motion to

2    dismiss." Id. at 1.

3    **Reason for the Requested Enlargement of Time**

4    11. The primary reason for the requested enlargement of time is to conserve party resources.

5    The parties have not agreed upon any limitation to discovery at this time. Defendants'

6    counsel has expressed a desire to wait for determination of the motion to dismiss before

7    discussing phasing. Delaying initial disclosures allows the parties to focus on targeted and

8    proportional discovery without a formal agreement on phasing.

9    12. Additionally, the joint case management statement will be most useful for the Court and

10    for the parties if it is prepared and filed shortly before the initial case management

11    conference. Here, the Court has vacated the initial case management conference. Once the

12    Court resets the initial case manage conference, the parties can prepare an up-to-date joint

13    statement.

14    **Effect on the Case Schedule**

15    13. The requested enlargement will have a minimal impact on the case schedule.

16    14. At this time, the initial case management conference has been vacated and there is no trial

17    date or discovery cut-off.

18    15. Although initial disclosures will be delayed, the parties may proceed with appropriate

19    discovery.

20    16. Plaintiff has filed its ADR certification. Allowing Defendants more time to file theirs will

21    not impact the case schedule, as the parties have already met and conferred on ADR

22    options.

23    I declare under penalty of perjury under the laws of the United States that the foregoing is true

24    and correct. Executed on September 9, 2025, at Sacramento, California.

25                                        /s/ Ezra Kautz

26                                        Ezra Kautz

27

28

3