ROB BONTA (SBN 202668)
Attorney General of California
JOEL MARRERO (SBN 275601)
Supervising Deputy Attorney General
JONATHAN BENNER (SBN 318956)
ELIA HERRERA (SBN 293278)
EZRA KAUTZ (SBN 330352)
Deputy Attorneys General
  1300 I St.
  Sacramento, CA 95814
  Telephone: (916) 210-6346
  E-mail: Ezra.Kautz@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA,**<br><br>                    Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE, et al.,**<br><br>                    Defendants. | Case No. 3:25-cv-04863-CRB<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES FOR INITIAL DISCLOSURES, JOINT CASE MANAGEMENT STATEMENT, AND ADR CERTIFICATION**<br><br>Date:<br>Time:<br>Dept:    Courtroom 6<br>Judge:  Hon. Charles R. Breyer<br>Trial Date:<br>Action Filed: 6/09/2025 |

## RECITALS

On June 10, 2025, the Court issued its Order Setting Initial Case Management Conference and ADR Deadlines. ("The Initial Order," Dkt. 3.) In that order, the Court set August 29, 2025, as the deadline to file the ADR certification; August 29 as the deadline for the early conference of counsel under Rule 26(f); September 12, 2025, as the deadline for initial disclosures; September 12, 2025, as the deadline for filing the joint case management statement; and September 19, 2025, as the initial case management conference.

1   On August 19, 2025, the Court entered a stipulated order extending Defendants' time to respond to the complaint and setting the hearing for Defendants' motion to dismiss as October 10, 2025. (Dkt. 14.) Defendants filed their motion to dismiss on September 22, 2025. (Dkt. 16.)

On August 19, 2025, the Court *sua sponte* vacated the initial case management conference date. (Dkt. 15.)

On August 28, 2025, the Court *sua sponte* reset the hearing for Defendants' motion to dismiss to December 5, 2025, and modified the briefing schedule accordingly. (Dkt. 21.)

Counsel for the parties met and conferred extensively on whether and how to modify the remaining deadlines in the Initial Order.  Contrary to the view expressed by Defendants in their administrative motion, the Court has held that counsel for the parties effectively conducted a Rule 26(f) conference on August 28, 2025.

On August 29, 2025, Defendants filed an administrative motion seeking to delay all remaining case management deadlines and stay discovery.  (Dkt. 22.)  Plaintiff opposed the request to stay discovery but took no position on the other deadlines. (Dkt. 24.)

On September 5, 2025, the Court entered an order denying Defendants administrative motion and directed the parties "to meet and confer in order to agree upon new Rule 26 deadlines to follow the Court's ruling on the motion to dismiss." (Dkt. 25 at 1.)

Counsel for the parties have further conferred and now submit this Stipulation and Proposed Order in accordance with the Court's direction.

Although this Stipulation and Proposed Order is pursuant to the Court's direction, the parties also agree that there is a good cause for the modification. A declaration in compliance with Civil Local Rule 6-2(a) is attached.

### STIPULATION

Based on the foregoing, the parties hereby STIPULATE, and ask the Court to enter the accompanying proposed order, as follows:

1. The deadline to make initial disclosures and file ADR certifications will be 14 days following the date that Defendants, or any one of them, files an answer, if required following determination of their motion to dismiss.

2. The deadline to file a joint case management statement will be 7 days before the initial case management conference, if and when a date for such conference is scheduled by the Court.

IT IS SO STIPULATED.

Date: September 9, 2025

ROB BONTA
Attorney General of California
JOEL MARRERO
Supervising Deputy Attorney General

/s/ Ezra Kautz
EZRA KAUTZ
Deputy Attorney General
*Attorneys for Plaintiff*

Date: September 9, 2025

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
JESUS A. OSETE
Principal Deputy Assistant Attorney General

/s/ Robert J. Keenan
ROBERT J. KEENAN
Senior Counsel
*Attorneys for Defendants*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Ezra Kautz, hereby attest under penalty of perjury that I have obtained concurrence in the filing of this document from the above signatory. Executed on September 9, 2025, at Sacramento, California.

/s/ Ezra Kautz

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date:   September 10, 2025

Charles R. Breyer
United States District Judge

```
ROB BONTA (SBN 202668)
Attorney General of California
JOEL MARRERO (SBN 275601)
Supervising Deputy Attorney General
JONATHAN BENNER (SBN 318956)
ELIA HERRERA (SBN 293278)
EZRA KAUTZ (SBN 330352)
Deputy Attorneys General
  1300 I St.
  Sacramento, CA 95814
  Telephone: (916) 210-6346
  E-mail:  Ezra.Kautz@doj.ca.gov
Attorneys for Plaintiff State of California
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:25-cv-04863-CRB<br><br>**DECLARATION OF EZRA KAUTZ IN SUPPORT OF STIPULATION AND PROPOSED ORDER EXTENDING TIME**<br><br>Date:<br>Time:<br>Dept:　　Courtroom 6<br>Judge:　Hon. Charles R. Breyer<br>Trial Date:<br>Action Filed: 6/09/2025 |

I, Ezra Kautz, declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of California, admitted to the bar of this Court, and a Deputy Attorney General in the Office of the Attorney General, California Department of Justice. Our office represents Plaintiff, the State of California, in this action. I make this declaration pursuant to Civil Local Rule 6-2(a) in support of the parties' Stipulation and Proposed Order Extending Time.

1

2. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

**Previ   Ti e M di i ati ,**

3. On June 10, 2025, the Court issued its Order Setting Initial Case Management Conference and ADR Deadlines. ("The Initial Order," Dkt. 3.) In that order, the Court set August 29, 2025, as the deadline to file the ADR certification; August 29, 2025 as the deadline for the early conference of counsel under Rule 26(f); September 12, 2025, as the deadline for initial disclosures; September 12, 2025, as the deadline for filing the joint case management statement; and September 19, 2025, as the initial case management conference.

4. On August 19, 2025, the Court entered a stipulated order extending Defendants' time to respond to the complaint and setting the hearing for Defendants' motion to dismiss as October 10, 2025. (Dkt. 14.) Defendants filed their motion to dismiss on September 22, 2025. (Dkt. 16.)

5. On August 19, 2025, the Court sua sponte vacated the initial case management conference date. (Dkt. 15.)

6. On August 28, 2025, the Court sua sponte reset the hearing for Defendants' motion to dismiss to December 5, 2025, and modified the briefing schedule accordingly. (Dkt. 21.)

7. Counsel for the parties met and conferred extensively on whether and how to modify the remaining deadlines in the Initial Order.

8. Counsel held their Rule 26(f) conference on August 28, 2025.

9. On August 29, 2025, Defendants filed an administrative motion seeking to delay all remaining case management deadlines and stay discovery. (Dkt. 22.) Plaintiff opposed the request to stay discovery but took no position on the other deadlines. (Dkt. 24.)

10. On September 5, 2025, the Court entered an order denying Defendants administrative motion. (Dkt. 25.) In the order, the Court directed the parties "to meet and confer in order

to agree upon new Rule 26 deadlines to follow the Court's ruling on the motion to dismiss." Id. at 1.

**Reason for the Requested Enlargement of Time**

11. The primary reason for the requested enlargement of time is to conserve party resources. The parties have not agreed upon any limitation to discovery at this time. Defendants' counsel has expressed a desire to wait for determination of the motion to dismiss before discussing phasing. Delaying initial disclosures allows the parties to focus on targeted and proportional discovery without a formal agreement on phasing.

12. Additionally, the joint case management statement will be most useful for the Court and for the parties if it is prepared and filed shortly before the initial case management conference. Here, the Court has vacated the initial case management conference. Once the Court resets the initial case manage conference, the parties can prepare an up-to-date joint statement.

**Effect on the Case Schedule**

13. The requested enlargement will have a minimal impact on the case schedule.

14. At this time, the initial case management conference has been vacated and there is no trial date or discovery cut-off.

15. Although initial disclosures will be delayed, the parties may proceed with appropriate discovery.

16. Plaintiff has filed its ADR certification. Allowing Defendants more time to file theirs will not impact the case schedule, as the parties have already met and conferred on ADR options.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 9, 2025, at Sacramento, California.

/s/ Ezra Kautz
Ezra Kautz