1   ROB BONTA (SBN 202668)
    Attorney General of California
2   MICHAEL NEWMAN (SBN 222993)
    Senior Assistant Attorney General
3   JOEL MARRERO (SBN 275601)
    Supervising Deputy Attorney General
4   JONATHAN BENNER (SBN 318956)
    ELIA HERRERA (SBN 293278)
5   EDWARD NUGENT (SBN 330479)
    EZRA KAUTZ (SBN 330352)
6   Deputy Attorneys General
      1300 I St., Suite 125
7     P.O. Box 944255
      Sacramento, CA 94244-2550
8     Telephone: (916) 210-6346
      E-mail: Ezra.Kautz@doj.ca.gov
9   *Attorneys for Plaintiff State of California*

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14

| | |
|---|---|
| **STATE OF CALIFORNIA,** | Case No. 3:25-cv-04863-CRB |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **UNITED STATES DEPARTMENT OF JUSTICE, et al.,** | Administrative Procedure Act Case |
| Defendants. | Hearing Date: December 5, 2025 |
| | Time: 10:00 a.m. |
| | Dept: Courtroom 6 |
| | Judge: Hon. Charles R. Breyer |
| | Trial Date: Not Set |
| | Action Filed: June 9, 2025 |

28

1  **REQUEST FOR JUDICIAL NOTICE**

2     Plaintiff, by and through its attorneys, hereby requests that the Court take judicial notice of

3  the following documents, pursuant to Federal Rule of Evidence 201 and this Court's inherent

4  authority to take judicial notice of public documents which relate to the matters directly at issue

5  in this case:

6     A.  A social media post dated May 27, 2025, at 6:07 a.m., from "Donald J. Trump

7        (@realDonaldTrump)" on the "Truth Social" website, available at

8        https://truthsocial.com/@realDonaldTrump/posts/114579949187402607. A true and

9        correct copy is annexed as **Exhibit A**.

10    B.  A social media post dated June 2, 2025, at 9:56 p.m., from "Donald J. Trump

11        (@realDonaldTrump)" on the "Truth Social" website, available at

12        https://truthsocial.com/@realDonaldTrump/posts/114617654959425582. A true and

13        correct copy is annexed as **Exhibit B**.

14    C.  The Complaint filed the action *United States of America v. California Interscholastic*

15        *Federation and California Department of Education*, Case No. 8:25-cv-01485, ECF Doc.

16        No. 1 (C.D. Cal. July 9, 2025). A true and correct copy is annexed as **Exhibit C**.

17  **DISCUSSION**

18     A Court "must take judicial notice if a party requests it and the court is supplied with the

19  necessary information." Fed. R. Evid. 201(c)(2). The Court can judicially notice any "fact that is

20  not subject to reasonable dispute because it . . . can be accurately and readily determined from

21  sources whose accuracy cannot reasonably be questioned." *Id.* sub. (b)(2). Only relevant facts

22  may be judicially noticed. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d

23  983, 991 n.8 (9th Cir. 2012). "A court may take judicial notice of 'matters of public record'

24  without converting a motion to dismiss into a motion for summary judgment. But a court may not

25  take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City of Los Angeles*, 250

26  F.3d 668, 689 (9th Cir. 2001) (citation omitted), overruled on other grounds by *Galbraith v. City*

27  *of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

28

1

**Exhibits A and B** are documents that are incorporated into the Complaint by reference. Paragraph 74 of the Complaint quotes the May 27, 2025 Truth Social post, and footnote 19 includes the Internet address (URL) for the full post. Likewise, paragraph 75 of the Complaint quotes the June 2, 2025 Truth Social post, and footnote 20 includes the URL. The Court may consider "[m]aterials incorporated into the complaint" on a motion to dismiss. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[T]he 'incorporation by reference' doctrine . . . permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (citation omitted). Additionally, these documents are subject to judicial notice as publicly-available statements attributable to Defendants that are not in dispute. *See Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F.Supp.2d 173, 179 n. 8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'").

**Exhibit C** is a public record that was referenced by Defendants in their Motion to Dismiss. Dkt. 16, at 13 n.4. The Court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court "may take judicial notice of court filings and other matters of public record.").

Dated: September 26, 2025                    Respectfully submitted,

                                             ROB BONTA
                                             Attorney General of California
                                             JOEL MARRERO
                                             Supervising Deputy Attorney General

                                             /s/ Ezra Kautz
                                             EZRA KAUTZ
                                             Deputy Attorney General
                                             *Attorneys for Plaintiff State of California*

2