HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division
JESUS A. OSETE
Principal Deputy Assistant Attorney General
ROBERT J. KEENAN (SBN 151094)
Senior Counsel
    U.S. Department of Justice
    Civil Rights Division
    950 Pennsylvania Avenue, NW
    Washington, D.C.  20530
    Telephone:  (202) 305-2566
    E-Mail:  robert.keenan@usdoj.gov

CRAIG H. MISSAKIAN
United States Attorney
    450 Golden Gate Avenue
    Box 36055
    San Francisco, CA  94102-3495
    Telephone:  (415) 436-7200
    FAX:  (415) 436-6748

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-04863-CRB<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION FOR STAY OF BRIEFING SCHEDULE ON MOTION TO DISMISS DUE TO LAPSE OF APPROPRIATIONS; SUPPORTING DECLARATION** |

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 6(b)(1)(A), the Defendants hereby move the Court for an order staying the briefing schedule on Defendants' motion to dismiss (Dkt. #16) — *i.e.*, staying the time by which Defendants must file their reply brief in support of the motion to dismiss — until Congress has enacted legislation to restore funding for the Department of Justice and the shutdown of the federal government has come to an end.

Counsel for Plaintiff, the State of California, has advised Defendants' counsel that Plaintiff *does not object* to this motion.

**BASIS FOR MOTION**

1. At midnight on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys and other employees of the Federal Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances that are set forth in the applicable statute, including, for example, "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Under that exception, the undersigned attorney is only permitted to work on certain matters authorized under the statutory framework (*e.g.*, criminal cases) and limited projects such as this motion to ensure Department functions are suspended in a responsible manner. Apart from this stay motion, the undersigned attorney is not permitted to work on this case during the lapse in appropriations.

3. Accordingly, the undersigned attorney for the Department of Justice hereby requests a stay of the briefing schedule on the motion to dismiss — namely, the time by which Defendants must file their reply brief in support of the pending motion to dismiss — until Congress has restored appropriations to the Department. Per the Court's prior scheduling order (Dkt. #21), Defendants' reply brief is currently due to be filed on October 24, 2025, with the motion currently set for hearing on December 5, 2025.

4. If this motion for a stay is granted, undersigned counsel will file a notice advising the Court as soon as Congress has appropriated funds for the Department. Defendants request that, at that point, the current deadline for Defendants to file their reply brief on the motion to dismiss be extended commensurate with the duration of the lapse in appropriations – *i.e.*, extended by the total number of days of the lapse in appropriations.

**PLAINTIFF DOES NOT OPPOSE THIS MOTION**

5. Although this Court has authority to extend or stay these deadlines without a formal motion or notice to opposing counsel, *see* Fed. R. Civ. P. 6(b)(1)(A), undersigned counsel nevertheless contacted Plaintiff's lead counsel, Deputy Attorney General Ezra Kautz, on the evening of September

30, 2025 (EDT), to advise him of Defendants' intent to file this stay motion. (*See* Keenan Decl. ¶ 3.) Mr. Kautz advised that he consents to the stay requested in this motion. (*Id.*)

### CONCLUSION

Therefore, although Defendants regret any disruption caused to the Court and the Plaintiff, Defendants hereby move for a stay of the briefing schedule on Defendants' motion to dismiss (Dkt. #16) — *i.e.*, staying the time by which Defendants must file their reply brief in support of the motion to dismiss — until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

DATE: October 3, 2025.                             Respectfully submitted,

    CRAIG H. MISSAKIAN                      HARMEET K. DHILLON
    United States Attorney                         Assistant Attorney General
                                                                  Civil Rights Division

                                                                  JESUS A. OSETE
                                                                  Principal Deputy Assistant Attorney General

                                                                  */s/ Robert J. Keenan*

                                                                  ROBERT J. KEENAN
                                                                 Senior Counsel

                                                                  *Attorneys for Defendants*

## DECLARATION OF ROBERT J. KEENAN

I, Robert J. Keenan, hereby declare as follows:

1.  I am a Senior Counsel for the Civil Rights Division of the U.S. Department of Justice, and I have primary responsibility for representation of Defendants in this case. I have personal knowledge of the following facts. I make this declaration in support of the Defendant's Administrative Motion for Stay of Briefing Schedule on Motion to Dismiss Due to Lapse of Appropriations.

2.  Due to my duties regarding various criminal cases and investigations, I have not been furloughed. However, by law, I am not permitted to work on the above-captioned civil case during the lapse in appropriations, except to file this stay motion for the purpose of ensuing that the Department's handling of this case is suspended in a responsible manner.

3.  On the evening of September 30, 2025, at approximately 5:27 p.m. (EDT), I sent an e-mail to Plaintiff's lead counsel, Deputy Attorney General Ezra Kautz, to advise him of the need to file this motion and to obtain his position on this motion. My e-mail read, in part, as follows: "the Defendants need to file a motion for a stay of the briefing schedule for the above-referenced case — *i.e.*, the deadline for the Defendants to file their reply brief in support of the pending motion to dismiss — until Congress has restored appropriations to the Department. The deadline would be extended for whatever time the Federal Government is shutdown." Although I noted that, at that point, there was still time for Congress to pass a budget funding bill, I advised Mr. Kautz that "I would like to get your position on the contemplated stay motion." Later that day, at approximately 11:55 p.m. (EDT), Mr. Kautz replied via e-mail to advise me as follows: "**We consent to your proposal** as outlined below."

4.  Per the Local Rules, please be advised that I am aware of the following time modifications in this case:

    a.  In the August 15 stipulation, the parties stipulated to extend Defendants' time to answer or file a Rule 12(b) motion seven days, from August 15 to August 22, and the Court approved that stipulation on or about August 19.

    b.  On August 19, 2025, the Court issued a text-only docket entry vacating the September 19, 2025 ICM Conference. The docket entry did not set a new date for that conference or alter any other dates.

c.  On August 28, 2025, the Court issued a sua sponte order that rescheduled the hearing on Defendants' motion to dismiss from October 10 to December 5, 2025. That order also adjusted the parties' briefing schedule for the opposition and reply.

d.  On September 11, 2025, by stipulation and order, the Court reset certain case management deadlines for dates after the Court's ruling on the motion to dismiss.

I declare under penalty of perjury that the foregoing is true and correct. This declaration is executed on this day, October 2, 2025, at Washington, D.C.

*/s/ Robert J. Keenan*
ROBERT J. KEENAN